**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

QUOC TOP DUONG,

Petitioner,

v. Case No. 2:26-cv-03009-MIS-JFR

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; WARDEN, in his capacity as Warden of Otero County Processing Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Quoc Top Duong's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 9, 2026. On September 24, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

**I. Factual Background**

The Petitioner is a citizen of Vietnam who has resided in the United States since October 2, 2024. Pet. ¶ 22. Petitioner has no criminal history and since his entry into the United States has complied with all check-ins with U.S. Customs and Immigration Enforcement ("ICE") and attended all immigration proceedings. Id. ¶ 24. Nevertheless, on or around April 30, 2026, ICE took petitioner into custody. Id. Nearly two months after his detention, on June 23, 2026, an Immigration Judge held a bond hearing.[2] ECF No. 6-1. The Immigration Judge denied Petitioner's request for release on bond stating only: "Flight risk, respondent is scheduled for a final hearing in two weeks, his manner of entry, speculative form of relief. In the alternative, Matter of Hurtado applies." Id. Petitioner has been detained since April 30, 2026, and is currently detained at the Otero County Processing Center. Pet. ¶¶ 16, 35.

On September 10, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

**II. Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that

[2] It is not clear what prompted Respondents to provide Petitioner with the belated bond hearing.

"[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his ongoing detention is unlawful and violates his Fifth Amendment right to due process, asserting he has been "arbitrarily detained" and has been detained, now approaching six months, without bond. Pet. ¶¶ 28-35. He seeks immediate release and attorneys' fees and costs pursuant to the Equal Access to Justice Act. Id. at p. 10. Respondents argue that Petitioner had a bond hearing and that 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the Immigration Judge's discretionary judgment. Resp. at 2. Respondents further argue that Petitioner has no due process right to release pending a decision on his removal, suggesting that Zadvydas v. Davis, 533 U.S. 678 (2001), does not apply because the removal order is not administratively final. Id. at 3-5.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the IJ's explanation deficient. Here, the Immigration Judge provided two conclusory bases to support the determination that Petitioner was a flight risk, stating only that Petitioner was a flight risk due to: (1) his manner of entry; and (2) his speculative form of relief.[3] Courts have repeatedly found such reasons, when unaccompanied by reference to specific facts related to an individual non-citizen, to be constitutionally inadequate. Poot v. Mullin, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *8 (C.D. Cal. Sept. 9, 2026) (immigration judge's failure to explain why illegal entry that occurred years ago would motivate Petitioner to flee at future

[3] The Immigration Judge provided an alternative basis: that Matter of Hurtado requires Petitioner's request for bond be denied because he is subject to the mandatory detention scheme of §1225(b). Tenth Circuit precedent squarely forecloses this as a basis for denying bond for aliens, like Petitioner, detained while in the interior of the United States. Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026).

immigration proceedings legally insufficient without individualized analysis); Herrera Ramirez v. Blanche, No. 5:26-CV-03938-DTB, 2026 WL 2395217, at *10 (C.D. Cal. Aug. 17, 2026) (rejecting argument that surreptitious entry, without individualized analysis based on specific facts and speculative forms of release were constitutionally adequate bases to conclude immigrant was a flight risk); Abdelmasseh v. Scott, No. C26-1681-KKE, 2026 WL 1815279, at *4 (W.D. Wash. June 24, 2026) (noting "likelihood of success in appealing his removal order is particularly inconclusive of flight risk here, where Petitioner has a demonstrated history of appearing before immigration authorities despite facing likely detention and possible removal"); Ji v. Warden, Case No. 1:26-cv-03442 DJC SCR, 2026 WL 1733618, at *7 (E.D. Cal. June 16, 2026) (noting that the immigration judge does not explain why Petitioner's manner of entry constitute evidence of flight risk); Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510, at *7 (D. Mass. May 22, 2026) (rejecting flight risk determination based on speculative relief without any reference to underlying facts specific to petitioner); Perez Serrano v. Hagan, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026) (noting that immigration judge's own speculation deprived petitioner of an individualized assessment); N.A. v. Warden, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026) (immigration judge "cannot simply presume that unresolved claims are 'speculative' and indicative of flight risk, absent the Government making a specific showing that the nature or strength of the claims make the noncitizen unlikely to appear at future court proceeding"); Chavarria Mejia v. Crawford, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *5 (E.D. Va. Mar. 25, 2026) (noting prejudgment of immigration relief and consideration of unlawful status cannot provide a legitimate consideration as to immigrant's flight risk).

As noted in N.A., "all unresolved claims for immigration relief are, by definition, 'speculative,' but that does not mean a noncitizen cannot be trusted to appear for future court proceedings on that basis alone." 2026 WL 1045196, at *8. Relying on blanket categories – speculative form of relief, surreptitious entry, removability – and not individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. See Dong, 2026 WL 1959357, at *1; see also Salinas Rodriguez, Case No. 2:26-cv-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 4, 2026) (recognizing that to rely on "removability" as per se evidence of flight risk would render §1226(a)'s grant of discretionary bond meaningless).

In short, there is no indication that the Immigration Judge considered the factors set forth in In Re Guerra or any factors specific to this individual Petitioner when denying him bond. See ECF No. 6-1. Rather, the Immigration Judge denied bond with a single sentence explanation stating, "Flight risk, respondent is scheduled for a final hearing in two weeks, his manner of entry, speculative form of relief." ECF No. 6-1. That is merely a determination devoid of any analysis of the facts related to Petitioner. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision. Id.; see generally Resp. Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that the Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.[4] The Court retains

[4] The Court adds that in just over three weeks Petitioner will have been detained for more than six months, and his indefinite, prolonged detention would then likely violate his constitutional rights to due process for the reasons set forth in Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026).

jurisdiction to ensure compliance with its Order and to entertain any motion for attorneys' fees and costs.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Quoc Top Duong from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motion for attorneys' fees and costs.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE